IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00580-MSK-KLM

VANESSA FUCHS,
BETHANY FUCHS, a child through her next friend VANESSA FUCHS,

Plaintiffs,

v.

ANTHONY SANDERS, in his official and individual capacity,

Defendant.

## STIPULATED PROTECTIVE ORDER

This matter is before the Court upon the parties' Stipulated Motion for Protective Order designed and intended to preserve the confidentiality and privacy of documents and other information to be exchanged between them pursuant to their respective discovery efforts in the above-captioned action, and the Court being fully advised in the premises and for good cause appearing, **IT IS ORDERED** as follows:

1. It is contemplated that both parties will seek and exchange Confidential Information (as defined below in Paragraph 2) from and between each other in this action as part of their respective discovery efforts. The disclosure of such Confidential Information outside the scope of this litigation and/or to unauthorized third persons would or could result in significant injury to the plaintiffs' and/or the defendant's personal privacy or business interests, or to the interests of third parties whose personal privacy or business interests would be revealed or impaired in the event of an unauthorized disclosure of such Confidential Information.

2. "Confidential Information" means any document, file, record, transcribed testimony or recording, photograph, or other tangible thing, either in whole or in part, and any response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that contains information that is confidential and implicates common law and/or statutory or constitutional privilege or privacy interests and has been designated by one of the parties in this action in the manner provided in Paragraph 3 below as containing Confidential Information, including, but not limited to, the following:

   a) One or more of the parties' or their representative's employment personnel file.

   b) Law enforcement internal affairs investigation and/or disciplinary files and records, and particularly such files and records as maintained by the Arapahoe County Sheriff's Office.

   c) One or more of the parties' medical records, including mental health records.

   d) The parties' tax or personal financial records.

   e) Transcribed deposition or other witness testimony disclosing Confidential Information.

3. Where Confidential Information is produced, exchanged, provided or otherwise disclosed by one party in response to any discovery request by the other party, it shall be designated as Confidential Information in the following manner:

   a) By imprinting or stamping the word "Confidential" on the first page or cover of any document, record or thing produced;

    b)    By imprinting or stamping the word "Confidential" next to or above any response to a discovery request; and

    c)    With respect to any transcribed testimony, by giving written notice to opposing counsel designating such testimony, or portions thereof, as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4.    All Confidential Information provided by any of the parties in response to a discovery request, or transcribed testimony, shall be subject to the following restrictions:

    a)    Is shall be used only in and for the purpose of this litigation and not for any other purpose whatsoever; personal, business or otherwise.

    b)    It shall not be communicated, transmitted or disclosed by any party, or any party's legal counsel, representative or agent, either directly or indirectly, to anyone except for the purpose of litigating this case and unless an affidavit in the form of Exhibit A appended hereto has been executed.

5.    Individuals authorized to access or review Confidential Information pursuant to this Stipulated Protective Order, including, but not limited to, the above-captioned parties and their undersigned counsel, shall hold all Confidential Information in confidence and shall not disclose Confidential Information either verbally, in writing, electronically, or otherwise, to any person, entity or agency not authorized to have access to the same, except as provided in this order or as otherwise authorized by the Court.

6. Legal counsel for the parties who disclose Confidential Information shall be responsible for assuring compliance with the terms of this Stipulated Protective Order and ensuring that persons to whom Confidential Information is disclosed shall execute the confidentiality affidavit, and shall retain the original signed affidavits of those persons to whom Confidential Information is provided or disclosed; and shall maintain a list or other written record of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, legal counsel for one party may upon agreement inspect the list or other record maintained by other counsel as required in Paragraph 6 upon a showing of substantial need, such as to establish the source of an unauthorized disclosure of Confidential Information. In the event counsel are unable to agree upon the disclosure of the list or record, then the party seeking access to the list or record may apply to the Court for an appropriate order.

8. No copies of Confidential Information shall be made except by or on behalf of legal counsel for attorney work product purposes in litigating this case, including for review by experts or other witnesses, or for use as exhibits with respect to dispositive or other motions submitted in accordance with D.C.COLO.LCivR 7.2. Copies shall only be made and used for purposes of this litigation and no other.

9. Counsel for each party shall retain custody of Confidential Information and all copies thereof as allowed in Paragraph 8 during the course of the litigation.

10. Any party may object to the designation by the other of a document, record, file or other information as Confidential Information by providing written notice to the party making such designation. The written notice shall specifically identify the document or other information

to which objection is made. If the parties are unable to resolve the objection within ten (10) business days after notice of the same is received by the designating party, it shall be the burden of the party designating the document or other information as Confidential Information to apply by appropriate motion to the Court at the expiration of such ten days for a determination on whether the information should be designated as Confidential Information and subject to the terms of this order. If application by motion is made to the Court, the disputed information shall be treated as Confidential Information until the Court rules on the motion. If the party designating contested information as Confidential Information fails to timely file a motion as provided for herein, then the disputed information shall not be deemed Confidential Information and shall not be subject to the confidentiality requirements contained in this Stipulated Protective Order. In any proceeding challenging the designation of a document or other information as confidential, the party seeking such designation shall have the burden of establishing the confidential nature of the same.

11. D.C.COLO.LCivR 7.2 and 7.3 shall govern the submission of any Confidential Information, or contested Confidential Information, to the Court for any purpose.

12. The parties agree that the terms and conditions of this Stipulated Protective Order shall survive the termination of this action and that they, their counsel, and other persons provided Confidential Information shall not be relieved of the confidentiality obligations imposed by this order, and that the Court shall maintain continuing jurisdiction after the conclusion of the case to enforce the terms thereof. Any person in possession of Confidential Information at the conclusion of this action shall, after the final resolution of all appeals and/or

or the expiration of the time for the filing of same, securely store such information so as to maintain its confidentiality, or return it to the party or other source from which it was obtained.

13. The parties' stipulation to the entry of this order is not intended and shall not be construed as a waiver or adoption of any position with regard to the authenticity, relevancy, or admissibility of any document or other information subject to, produced, or disclosed under the terms of this Stipulated Protective Order.

14. Nothing in this order shall relieve any party or legal counsel from their obligations under Fed.R.Civ.R. 26 (b) (5), or from filing a motion as it may deem appropriate or necessary from time to time seeking additional or different protection from the Court under Fed.R.Civ.R. 26 (c) with regard to confidential or other information.

Entered on this 22nd day of August, 2008.

BY THE COURT

_____
~~Kristen L. Mix~~
Kristen L. Mix
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| s/ Qusair Mohamedbhai | s/ Edward M. Caswall |
|---|---|
| David A. Lane | Edward M. Caswall |
| Qusair Mohamedbhai | Assistant County Attorney |
| 1543 Champa Street, Suite 400 | 5334 South Prince Street |
| Denver, Colorado 80202 | Littleton, Colorado 80202 |
| TELE: 303-571-1000 | TELE: 303-795-4639 |
| FAX: 303-571-1001 | FAX: 303-738-7836 |
| E-mail: dlane@killmerlane.com | E-mail: jcaswall@co.arapahoe.co.us |
| qmohamedbai@killmerlane.com | |
| **Counsel for Plaintiffs** | **Counsel for Defendant** |

## AFFIDAVIT REGARDING CONFIDENTIALITY

STATE OF COLORADO        )
                         ) ss
COUNTY OF _____  )

I, _____, swear or affirm and state under penalty of perjury that:

1. I have read the Stipulated Protective Order in *Vanessa Fuchs and Bethany Fuchs v. Anthony Sanders*, Civil Action No. 08-cv-00580-MSK-KLM, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Stipulated Protective Order.

3. I promise that I have not and will not divulge to any person or recording device, nor make copies of, any Confidential Information shown, told, or provided to me except as authorized in the Stipulated Protective Order. I also will not use the Confidential Information for any purpose other than the litigation identified above.

4. For the purpose of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5. I will abide by the terms of the Stipulated Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

_____
Telephone No.: (____) _____

**SUBSCRIBED AND SWORN** to me this ____ day of _____, 200__ by _____.

WITNESS my hand and official seal.

[SEAL]                   _____
                         Notary Public
                         My Commission expires: _____

# EXHIBIT A