IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00580-MSK-KLM

VANNESSA FUCHS, and
BETHANY FUCHS, a child through her next friend VANESSA FUCHS,

     Plaintiffs,

v.

ANTHONY SANDERS, in his official and individual capacity,

     Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Plaintiffs' Motion to Modify Scheduling Order With Respect to Expert Deadlines** [Docket No. 25; Filed September 2, 2008] (the "Motion").  The Court has reviewed the Motion, Defendant's Response [Docket No. 27; Filed September 3, 2008], Plaintiffs' Reply [Docket No. 28; Filed September 19, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.  Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

     Plaintiffs request an extension of time to disclose expert witness Rebecca Matson.  *Motion* [#25] at 3.  Plaintiffs state that Ms. Matson was Plaintiff Bethany Fuchs' treating therapist and that Plaintiffs require her testimony to explain "Ms. Bethany Fuchs' complex emotional distress."  *Id.* at 2.  As grounds, Plaintiffs argue that no previous extension of the expert witness deadlines has been sought, and that no prejudice will occur to Defendant, as the discovery deadline is not until December 3, 2008, giving Defendant sufficient time

1

to depose Ms. Matson and disclose a rebuttal witness. *Id.* Plaintiffs further argue that "[i]n addition to the regular press of business, counsel for Plaintiffs has been engaged in numerous and substantial commitments in other matters, many of which have been unanticipated and unavoidable, and which have necessitated a filing of this Motion." *Motion* [#25] at 2.

Defendant argues that the deadline to designate any expert witnesses was set for September 2, 2008. *Response* [#27] at 1. Defendant further argues that because Plaintiffs have not provided any grounds to extend the deadline to disclose expert witnesses beyond the normal press of business, that Plaintiffs have not provided good cause to modify the Scheduling Order. *Id.* at 2.

Numerous courts have noted, and I agree, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g., Washington v. Arapahoe County Dept. Of Social Services*, 197 F.R.D. 439, 441 (D.Colo. 2000) (citations omitted). Pursuant to Fed.R.Civ.P. 16(b), a deadline set in a scheduling order may be modified only upon a showing of good cause. Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D.Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp 959, 980 (D.S.C. 1997)). Defendant argues, and the Court agrees, that the normal press of business experienced by Plaintiffs' counsel does not necessarily provide good cause to amend the Scheduling Order.

However, Plaintiffs' failure to comply with the Scheduling Order notwithstanding, the

2

Tenth Circuit has stated that "the decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 604 (10th Cir. 1997). The *Summers* court directed that the decision to strike an expert based on a late designation should be guided by four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have been testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id.*

Defendant has not argued that he will suffer any prejudice or surprise due to Plaintiffs' late disclosure of Ms. Matson. Further, the Court finds that as the discovery deadline does not expire until December 3, 2008, Defendant will be able to cure any prejudice or surprise through the deposition of Ms. Matson and an extension of the deadline to disclose rebuttal experts. In addition, this case is not yet set for trial, and the Final Pretrial Conference is currently scheduled for May 26, 2009. *Trial Preparation Order* [#11] at 2. As such, the Court finds that allowing the late designation of Ms. Matson will not result in disruption of the "orderly and efficient trial of the case . . . ." *Summers*, 132 F.3d at 604. Finally, Defendant has not argued that there is any bad faith or willfulness on the part of Plaintiffs, and the Court does not find any bad faith or willfulness evident in the Motion.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiffs' Motion to Modify Scheduling Order With Respect to Expert Deadlines** [Docket No. 25; Filed September 2, 2008] is **GRANTED**.

The deadline to designate expert witnesses is **September 22, 2008**.  The deadline to designate rebuttal expert witnesses is **October 22, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  September 22, 2008